UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN TRACY WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-690-JD-MGG |
| WEXFORD MEDICAL INC, et al., | |
| Defendants. | |

OPINION AND ORDER

Stephen Tracy Williams was a prisoner without a lawyer when he filed a complaint. ECF 1. He has since been released from prison and granted leave to proceed in forma pauperis in this lawsuit. *See* ECF 10 & ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams alleges that between April 19, 2020, and July 18, 2020, his rights were violated while he was incarcerated at the Westville Correctional Facility (WCF). Specifically, he claims that during his time in segregation, the toilet ran over several times, and an officer let the water dry on the floor. A few days later, he tested negative for Covid-19, but he was subsequently moved to a cell with a prisoner who had tested

positive. He was not given hazmat gear. Later, he was taken to "IC gym," where there were 87 offenders with only one toilet, one sink, and one shower. ECF 1 at 2. He was allegedly exposed to the virus "over and over." *Id*. at 3.

On July 18, 2020, at 4:30 AM, he was "coming out of a seizure [and] couldn't move speech slured (sic) could barely talk." *Id*. When he recovered enough to move, he asked an officer to call for help. An urgent care nurse responded by sending a "sack with bologna." *Id*. She did not provide him with any sugar even though his blood sugar was low due to his diabetes, nor did she check his blood sugar or blood pressure. The officer kept trying to call her, but she did not answer the phone. He has sued Wexford Medical, Inc. (Wexford) and WCF for monetary damages.[1]

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. However, § 1983 has limits on the types of violations it covers and on the people or entities that may be sued. Williams has not named a defendant who is amenable to suit regarding these claims. He has named Wexford, the private company that employs medical staff at WCF. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general supervisory liability under 42 U.S.C. § 1983, and Wexford cannot be held liable solely

---

[1] He also requests injunctive relief, but that request is moot as he is no longer at WCF or subject to medical care by Wexford. *See e.g. Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Here, there is no indication Williams will return to WCF. Though it is possible he could commit another crime and be re-arrested, that is mere speculation.

because it employs the medical professionals involved in Williams's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can also be held liable to the same extent as a government actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Here, however, Williams does not plausibly allege Wexford has an official policy of providing inadequate medical care to inmates, or that there was an unconstitutional policy or practice that caused an injury. He will not be permitted to proceed against this corporate defendant.

He also names WCF as a defendant, but WCF is a building, not a person or a policy-making body that can be held liable under 42 U.S.C. § 1983. *See e.g. Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Thus, this defendant must also be dismissed.

This complaint does not state a claim for which relief can be granted. Nevertheless, Williams may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available on the court's website at: https://www.innd.uscourts.gov/sites/innd/files/PrCmplnt.pdf. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Stephen Tracy Williams until **September 3, 2021**, to file an amended complaint; and

(2) CAUTIONS Stephen Tracy Williams if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 4, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT