UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN TRACY WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-690-JD-MGG |
| WEXFORD MEDICAL INC, et al., | |
| Defendants. | |

OPINION AND ORDER

Stephen Tracy Williams was a prisoner without a lawyer when he filed his original complaint. ECF 1. He was released from prison and granted leave to proceed in forma pauperis in this lawsuit. *See* ECF 10 & ECF 12. The court screened that complaint and determined that it did not state any claims. ECF 13. However, Williams was granted leave to file an amended complaint. *Id*. He has now done so, and the court will proceed to screen it. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The amended complaint is substantively similar to the original complaint. Williams alleges that between April 2020 and August 2020 his rights were violated

while he was incarcerated at the Westville Correctional Facility (WCF). Specifically, he claims that during his time in segregation, the toilet ran over several times, and officers let the water dry on the floor. He tested negative for Covid-19, but he was subsequently moved into a cell that a prisoner who had tested positive had just left. He was not given hazmat gear to clean it. Later, he was taken to "IC gym," where there were multiple offenders with only one toilet and one shower. ECF 14 at 3. He was allegedly exposed to black mold and fungus, and the air was not clean.

Because he has diabetes, Williams takes insulin each day in the morning and in the evening. One day, he did not receive his insulin until noon, which resulted in his blood sugar being "over 500." *Id*. at 2. He had a seizure, and his speech was slurred. Officers called for help, but the nurse did not respond until they had called three times. When she did respond, she sent Williams a bologna sandwich.

Williams has sued Wexford Medical, Inc. (Wexford) and the "Wexford Correctional Facility Staff" for injunctive relief in the form of "chang[ing] there (sic) disrespectful I don't care attitude." *Id*. at 4.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. That said, as noted in the court's prior order, § 1983 has limits on the types of violations it covers and on the people or entities that may be sued. Williams has still not named a defendant who is amenable to suit regarding these claims. He has again named Wexford, the private company that employs medical staff at WCF. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th

Cir. 2020). However, there is no general supervisory liability under 42 U.S.C. § 1983, and Wexford cannot be held liable solely because it employs the medical professionals involved in his care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Additionally, a private company performing a public function can also be held liable to the same extent as a government actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Here, however, Williams does not plausibly allege Wexford has an official policy of providing inadequate medical care to inmates, or that there was an unconstitutional policy or practice that caused an injury. He will not be permitted to proceed against this corporate defendant.

He also names the WCF "facility staff" as a defendant, but he has not named any individual defendants. He cannot proceed against the facility staff as a whole because this is the equivalent of including an unnamed defendant. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Moreover, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, the complaint does not state a claim against the WCF facility staff.

Finally, Williams seeks only injunctive relief in this lawsuit. However, that request is moot because he is no longer at WCF or subject to medical care by Wexford. *See e.g. Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Here, there is no indication Williams will return to WCF. Although it is possible he could commit another crime and be re-attested, that is mere speculation.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim.

SO ORDERED on August 17, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT